```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
```

MICHAEL R. TREANOR, JR.                **COMPLAINT**
                                             [TBD]
        Plaintiff,           ECF CASE

   -against-                       PLAINTIFF DEMANDS TRIAL
                                       BY JURY

PAYPAL, INC.,

        Defendant.
```
------------------------------------ X
```

    Plaintiff, an attorney in good standing in the State of New York, respectfully alleges at all times herein mentioned:

## JURISDICTION

1. Plaintiff is a citizen of the State of New York, residing in New York County.

2. Defendant is a corporation based in California and incorporated in Delaware.

3. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).

## FIRST CAUSE OF ACTION - FRAUD

5. Plaintiff is a user of Venmo, a subsidiary company of Defendant.

6. On December 14, 2024, Plaintiff was induced by

Defendant to deposited funds in the amount of $4,000 for payment of certain expenses directly via Venmo's cryptocurrency payment system.

7. On December 14, 2024, after Plaintiff was, in fact unable to make such payments and, only three hours after transferring said funds to Venmo, Plaintiff liquidated its Bitcoin position in the Venmo system with the expectation that the funds would be returned to Plaintiff's cash balance and be available for transfer back to Bank of America, the bank where the funds were originally held prior to transfer to Venmo.

8. After several hours, and well after the Bitcoin position had been liquidated, Plaintiff received an email indicating that the transaction was "pending". (Exhibit A – Purchase and Redemption)

9. Plaintiff called Defendant's customer service line and was told that the funds were "under review" and would be made available on December 19,2024.

10. Defendant fraudulently and knowingly intended to induce Plaintiff, and no doubt thousands of others to be determined upon discovery, to deposit funds with Defendant, Defendant relied on Defendant's claims as to its "ease of use" to Plaintiff's detriment.

11. Plaintiff believes that this was a fraudulent attempt to collect funds and hold them for its own use for nearly a week. Plaintiff also alleges that Defendant had knowledge of

2

the fact that its claims were false, and that Defendant intended to deceive Plaintiff into depositing funds with Defendant (and, again, no doubt thousands of others to be determined during discovery).

12. Plaintiff relied on Defendant's misrepresentations and has been damaged in an amount, exceeding $75,000 owing to the inability to use the funds for a transaction that Plaintiff's livelihood was dependent, exclusive of costs and interest, and to be determined at trial.

### SECOND CAUSE OF ACTION – INTENT TO DECEIVE

13. Plaintiff repeats each of the paragraphs above, as if set forth anew.

14. Plaintiff alleges that Defendant intended to deceive Plaintiff, and no doubt others, to obtain deposits to which it intended to hold onto for its own corporate uses. (Exhibit B)

### THIRD CAUSE OF ACTION – FRAUDULENT INDUCEMENT

15. Plaintiff repeats each of the paragraphs above, as if set forth anew.

16. Plaintiff alleges that Defendant concealed the fact that it was not able to process cryptocurrency transactions with "ease" and concealed that fact from Plaintiff, causing detrimental reliance on the part of Plaintiff.

3

**FOUTH CAUSE OF ACTION – FRAUDULENT TRANSFER OF ASSETS**

17. Plaintiff repeats each of the paragraphs above, as if set forth anew.

18. Plaintiff alleges that the transfer of Plaintiff's funds was a fraudulent transfer of assets, namely cash, to Defendant for its own corporate purposes.

**FIFTH CAUSE OF ACTION – UNJUST ENRICHMENT**

19. Plaintiff repeats each of the paragraphs above, as if set forth anew.

20. Plaintiff alleges that Defendant was unjustly enriched by holding onto Plaintiff's money without cause.

**SIXTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY**

21. Plaintiff repeats each of the paragraphs above, as if set forth anew.

22. Plaintiff alleges that Defendant has a fiduciary duty with respect to customer funds it holds, and that Defendant breached that fiduciary duty by keeping Plaintiff's money without any explanation other than "that's handled by the computer".

**SEVENTH CAUSE OF ACTION – PATTERN OF FRAUDULENT BEHAVIOR**

23. Plaintiff repeats each of the paragraphs above, as if set forth anew.

24. Plaintiff alleges that Defendant has engaged in a pattern of fraudulent behavior, possibly with criminal intent, and believes Defendant has violated federal statues relating to Racketeer Influenced and Corrupt Organizations (RICO). (Exhibit C)

**EIGHTH CAUSE OF ACTION – FALSE ADVERTISING**

25. Plaintiff repeats each of the paragraphs above, as if set forth anew.

26. Plaintiff alleges that Defendant violated laws meant to protect consumers against deceptive trade practices (such as false advertising or bait-and-switch tactics in violation of federal consumer protection laws.

**NINTH CAUSE OF ACTION – DECEPTIVE OR UNFAIR BUSINESS PRACTICES**

27. Plaintiff repeats each of the paragraphs above, as if set forth anew.

28. Plaintiff alleges that Defendant engaged in false or misleading advertising that influenced the plaintiff's decision to purchase a product or service.

## CLASS ACTION

29. Plaintiff repeats each of the paragraphs above, as if set forth anew.

30. Plaintiff alleges that there is a large class of Defendant's clients who have suffered similar damages as Plaintiff, in a number sufficiently large to warrant that the court consider that there will be many common issues of law or fact.

31. Plaintiff alleges that counsel for Plaintiff, as yet to be named, will be well established in the practice of pursuing class action lawsuits and that such counsel will be able to adequately represent the interests of the large number of potential plaintiffs yet to be identified. Plaintiff asserts that said prospective counsel will meet the requirements of Rule 23 to represent the class.

## PUNITIVE DAMAGES

32. Plaintiff repeats each of the paragraphs above, as if set forth anew.

33. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages against defendant in an amount exceeding $75,000, exclusive of costs and interest, and to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant in

each of the five causes of action above, in amounts exceeding $75,000, exclusive of costs and interest, plus costs and interest.

Dated:   December 16, 2024
         New York, New York

                                    MICHAEL READY TREANOR, JR.
                                    Pro Se Litigant
                                    ATTORNEY REGISTRATION # 2518884


                                  s/MICHAEL READY TREANOR, JR.


TO:   PAYPAL, INC.
      2211 NORTH FIRST STREET
      SAN JOSE, CA 95131