UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL R. TREANOR, JR.,

                Plaintiff,

      -against-

PAYPAL, INC.,

                Defendant.

24-CV-9698 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se* and who alleges he is a licensed attorney in the State of New York, brings this action under the Court's diversity jurisdiction, asserting state law fraud claims against Defendant Paypal, Inc. He also indicates that he is attempting to bring his claims as a class action. By order dated January 21, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). Because Plaintiff is an attorney, however, he is not entitled to the solicitude generally given to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

## BACKGROUND

Plaintiff invokes the Court's diversity of citizenship jurisdiction, and alleges that he is a citizen of the State of New York, and that Defendant is a corporation based in the State of California and incorporated in the State of Delaware. The following allegations are taken from the complaint. Plaintiff is a user of Venmo, which he alleges is a subsidiary of Defendant. On December 14, 2024, Plaintiff deposited $4,000 into Venmo's cryptocurrency payment system. He intended to use the funds to pay "certain expenses." (ECF 1, at 2.) Three hours after Plaintiff transferred the funds to Venmo, he was "unable to make" the payments he was intending to make using the funds. (*Id.*) Plaintiff then "liquidated [his] Bitcoin position in the Venmo system with the expectation that the funds would be returned to [his] cash balance and be available for transfer back to Bank of America, the bank where the funds were originally held prior to transfer to Venmo." (*Id.*)

"[S]everal hours" after Plaintiff transferred the funds out of Venmo, he received an email stating that the transaction was "pending." (*Id.*) Plaintiff called Defendant's customer service line and was told that the funds were "under review" and would be available on December 19, 2024. (*Id.*)

Plaintiff maintains that Defendant "fraudulently and knowingly intended to induce Plaintiff" to deposit funds with it based on its advertised "ease of use." (*Id.*) He asserts that this was "a fraudulent attempt to collect funds and hold them for [Defendant's] own use for nearly a

week" and that Defendant "concealed the fact that it was not able to process cryptocurrency transactions with 'ease.'" (*Id.* at 2-3.)

Plaintiff enumerates state law claims of fraud, "intent to deceive," fraudulent inducement, "fraudulent transfer of assets," unjust enrichment, breach of fiduciary duty, "pattern of fraudulent behavior," false advertising, and deceptive or unfair business practices.

Plaintiff asserts that he "has been damaged in an amount exceeding $75,000, owing to the inability to use the funds for a transaction that Plaintiff's livelihood was dependent." (*Id.* at 3.) He also seeks punitive damages "in an amount exceeding $75,000." (*Id.* at 6)

## DISCUSSION

Plaintiff brings this action under the Court's diversity of citizenship jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where the individual "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

There is a second component of diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the

3

amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Because Plaintiff alleges that he is a citizen of the State of New York and that Defendant is incorporated in the State of Delaware and maintains its corporate headquarters in the State of California, the Court assumes for the purposes of this order that Plaintiff has satisfied the diversity of citizenship requirement.

Plaintiff, however, does not allege facts demonstrating that his claims are worth in excess of $75,000. His factual allegations suggest that he was not immediately able to use $4,000 in cryptocurrency that he deposited with Defendant and that Defendant did not immediately transfer those funds back to his bank account. The complaint suggests that his funds were transferred back to Plaintiff's account approximately one week later. Even a permanent loss of $4,000 would

fall significantly short of the $75,000 jurisdictional minimum. Plaintiff asserts that he has been "damaged in an amount, excessing $75,000 owing to the inability to use the funds for a transaction that Plaintiff's livelihood was dependent." (ECF 1, at 3.) He does not, however, allege any facts in support of this claim. Such "mere conclusory allegations" are insufficient to demonstrate his claims meet the amount-in-controversy requirement. *Chavez*, 2019 WL 4926348, at *4.

Plaintiff also states that he is seeking punitive damages "in an amount exceeding $75,000." (ECF 1, at 6.) When punitive damages are used to satisfy the diversity jurisdiction requirement, courts will review them "with greater scrutiny than claims for actual damages." *Z-Axis Tech Sol., Inc. v. Richmond Cap. Grp., LLC*, No. 17-CV-3983 (GBD), 2018 WL 1088008, at *3 (S.D.N.Y. Feb. 14, 2018) (citing *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972)). Under New York law punitive damages ordinarily are not recoverable in a garden-variety fraud claim. *See Ladenberg Thalmann & Co. v. Imaging Diagnostic Sys., Inc.*, 176 F. Supp. 2d 199, 207 (S.D.N.Y. 2001) ("[U]nder New York law, punitive damages are not available in an ordinary fraud case."); *Reinah Dev. Corp. v. Kaaterskill Hotel Corp.*, 59 N.Y.2d 482, 488 (1983); *RKB Enter. Inc. v. Ernst & Young,* 182 A.D.2d 971, 973 (3rd Dep't 1992). Punitive damages can only be recovered "where the fraud is aimed at the public generally, is gross, and involves high moral culpability." *Z-Axis*, 2018 WL 1088008, at *3 (quoting *Kelly v. Defoe Corp.*, 223 A.D.2d 529, 529 (2d Dep't 1996)). The "misconduct must be egregious" and "characterized as 'gross' and 'morally reprehensible,'" or involve "such wanton dishonesty as to imply a criminal indifference to civil obligations." *Ladenburg*, 176 F. Supp. at 207 (internal citation and quotation marks omitted).

Here, the gravamen of Plaintiff's complaint is that Defendant did not process his cryptocurrency transaction with the "ease of use" that it had advertised. (ECF 1, at 3.) Plaintiff alleges no facts suggesting that Defendant's actions were egregious or rise to the level of being "morally reprehensible." Plaintiff has therefore failed to demonstrate that his claims satisfy the amount-in-controversy requirement to demonstration diversity jurisdiction.[1] The Court therefore dismisses the complaint for lack of subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(h)(3).

## LEAVE TO AMEND GRANTED

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Even though Plaintiff is an attorney, and therefore should have been aware of the defects in his complaint,

---

[1] Plaintiff also attempts to bring this case as a class action. (*See* ECF 1, at 6.) However, a *pro se* plaintiff cannot bring a class action, even if he is an attorney. *See Rodriguez v. Eastman Kodak Co.,* 88 F. App'x 470, 471 (2d Cir. 2004) (citing *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998)); 5 James Wm. Moore *et al.*, Moore's Federal Practice § 23.25 (3d ed. 2010) ("[A] *pro se* class representative cannot adequately represent the interests of other class members. Moreover . . . an attorney may not bring a class action *pro se* because too close a relationship between the class representative and class counsel is a disqualifying conflict of interest."). Even if Plaintiff's claims could be brought as a class action, each class member's alleged damages are separate and distinct and cannot be aggregated to satisfy the amount-in-controversy requirement. *See Methylenate v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (citing *Snyder v. Harris*, 396 U.S. 336, 338 (1969)).

[2] Plaintiff does not invoke the Court's federal question jurisdiction, nor do his allegations suggest a viable federal cause of action that would demonstrate that the Court has federal question jurisdiction of his claims.

because he may be able to allege additional facts to cure the deficiencies identified above, the Court grants Plaintiff 30 days' leave to amend his complaint to cure those deficiencies.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   March 13, 2025
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge